IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ULTRA TRADING INTERNATIONAL LTD., a Florida corporation, | ) ) ) |
| Plaintiff, | ) Case No. 05-701-HU ) |
| vs. | ) OPINION AND ORDER ) |
| HAM LONG COMPANY, | ) ) |
| Defendant. | ) |

Kerry J. Shepherd
Markowitz, Herbold, Glade &
Mehlhaf, P. C.
Suite 3000 Pacwest Center
1211 S. W. Fifth Avenue
Portland, Oregon 97204

    Attorney for Plaintiff

Orrin Leigh Grover, III
303 North First Street
Woodburn, Oregon 97071

Page 1 - OPINION AND ORDER

Jonathan Do
Doan, Nguyen & Do
300 South First Street, Suite 320
San Jose, California  95113

Attorneys for Defendant

KING, Judge:

Ultra Trading International Ltd. ("Ultra Trading") brings a breach of contract action against Ham Long Company ("Ham Long") for the alleged breach of twelve contracts to deliver Vietnam cashew kernels.  Before me is Ham Long's Memorandum in Opposition to Emergency Motion for Issuance of Writ of Garnishment (#15).  Also before me is Ultra Trading's Motion to Strike Declarations of Jonathon Do (#20).  For the reasons set forth below, I grant Ham Long's request in part, but issue an order to show cause why the case should not be transferred to the appropriate division of the District Court for the District of New York.

## BACKGROUND

On May 19, 2005, I granted Ultra Trading's request for a temporary restraining order ("TRO").  The order provides in part that:  named entities are prohibited from transferring a specified bill of lading, US Bank is restrained from making any payment on a specified letter of credit, and Ham Long shall appear and show cause why the TRO should not continue during the pendency of the action.

The parties agreed to extend the TRO until July 8, 2005, when a hearing could be held.

According to the complaint and documents submitted in support of Ultra Trading's motion for a temporary restraining order, Ham Long and Ultra Trading entered into a series of contracts for the delivery of cashew nuts.  The contracts provided for "cash against documents"

("CAD") payment terms. Ham Long never delivered the cashews, and instead sold the cashews to Adamba Imports Int'l ("Adamba").

Ultra Trading became the assignee of separate contracts between Ham Long and Adamba. Pursuant to the TRO, U.S. Bank is holding Adamba's letters of credit and bills of lading here in Oregon.

## DISCUSSION

A.   Motion to Strike Declarations

As an initial matter, Ultra Trading seeks to strike the declarations made by Jonathan Do in support of Ham Long's Memorandum in Opposition to Emergency Motion for Issuance of Writ of Garnishment. At oral argument, Ham Long withdrew the declarations, rendering moot Ultra Trading's motion to strike. Accordingly, I deny Ultra Trading's motion as moot.

B.   Jurisdiction

Ham Long seeks vacation of the TRO and requests to proceed to motions to dismiss on the basis of lack of jurisdiction. Ultra Trading seeks to continue the TRO, and obtain a provisional writ of garnishment against the bill of lading possessed by US Bank.

The parties agree that Ultra Trading is attempting to assert *quasi in rem* jurisdiction. In other words, Ultra Trading has attached an asset of Ham Long's, the bills of lading, in order to have a means of satisfying its breach of contract claim against Ham Long, a claim that is unrelated to the *res*. Ham Long asserts, and Ultra Trading concedes that Ham Long has no minimum contacts with Oregon.

The question, then, is whether minimum contacts in the forum state are required in order to establish *quasi in rem* jurisdiction over a defendant. Ham Long argues that minimum contacts

Page 3 - OPINION AND ORDER

with the forum state are required for both *in personam* and *in rem* jurisdiction. Shaffer v. Heitner, 433 U.S. 186, 212 (1977). In contrast, Ultra Trading relies on Federal Rule of Civil Procedure ("Rule") 4(n), which provides:

> (2) Upon a showing that personal jurisdiction over a defendant cannot, in the district where the action is brought, be obtained with reasonable efforts by service of summons in any manner authorized by this rule, the court may assert jurisdiction over any of the defendant's assets found within the district by seizing the assets under the circumstances and in the manner provided by the law of the state in which the district court is located.

Ultra Trading contends that this rule was enacted in 1993 just for this sort of occasion; it permits the attachment of property belonging to a foreign defendant for purposes of maintaining an *in rem* action. Ultra Trading also argues that Shaffer contains an exception for cases in which there is no forum available to a plaintiff who is attempting to establish jurisdiction over a foreign defendant. Shaffer, 411 U.S. at 211 n.37.

Contrary to Ultra Trading's understanding, a form of Rule 4(n) allowing for the initiation of an action in federal court by attaching property in the state in which the district court sits was enacted in 1963, well before the decision in Shaffer. 14 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3631 (3d ed. 1998). Accordingly, while Rule 4(n) may provide the court with the means to assert jurisdiction over a defendant by attaching its property, the Rule does not relieve me of the duty to evaluate the existence of minimum contacts.

Furthermore, although it is true that Shaffer "did not consider [] the question whether the presence of a defendant's property in a State is a sufficient basis for jurisdiction when no other forum is available to the plaintiff", Shaffer, 411 U.S. at 211 n.37, the few cases interpreting this

language demonstrate that Ultra Trading cannot rely on this language. The language "no other forum is available" has been interpreted to mean that suit may be brought in a state where the defendant has no minimum contacts only if the defendant is not subject to suit in any other state. See Louring v. Kuwait Boulder Shipping Co., 455 F. Supp. 630 (D. Conn. 1977) (garnishment in Connecticut of debt owing to Kuwait corporation upheld in part because defendant made no claim that it was subject to jurisdiction in any other state); Miami Rivet Co. v. Hardware Designers, Inc., No. CV 93 004 26 14, 1993 WL 524799 (Conn. Super. Ct. Dec. 9, 1993) (finding it could not be said that no other forum was available to plaintiff because defendant could be sued in another state); Excel Shipping Corp. v. Seatrain Int'l S.A., 584 F. Supp. 734, 741 (E.D.N.Y. 1984) (holding that the "jurisdiction by necessity" exception in Shaffer was a factor contributing to finding *in rem* jurisdiction because "dismissal of the suit in this District may render the defendant unavailable for suit in any court in the United States"). Indeed, in one court the language was construed to mean no minimum contacts were necessary if the defendant could not be sued anywhere else, including in a foreign country. J.S. Service Center Corp. v. Banco Continental & Electro Peru, 425 N.Y.S.2d 945, 103 Misc.2d 325 (1980) (footnote in Shaffer refers to absence of any forum at all, not just to absence of other forums within the United States).

During oral argument, defendant conceded that it would be subject to the jurisdiction of the courts of New York. Defendant made this concession due to the paragraph in each of the twelve contracts stating as follows: "The Seller [Ham Long] hereby irrevocably consents to the jurisdiction of the courts of the State of New York in connection with any action or proceeding arising out of or relating to this order or the contract formed by Seller's acceptance hereof, or a

Page 5 - OPINION AND ORDER

breach hereof or thereof." Reply Dec. of Moshe Schwartz, pp. 2, 5, 8, 11, 14, 17, 20, 23, 26, 29, 32, 35, ¶10. Accordingly, because Ultra Trading concedes that Ham Long has no minimum contacts with Oregon, because Shaffer requires minimum contacts between the defendant and the state in which the case is brought, and because Ham Long concedes that it is subject to suit in New York, this court has no *quasi in rem* jurisdiction over Ham Long.

However, this court does have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, because I note that venue is also improper in this court under 28 U.S.C. § 1391(a), it is hereby ordered that each party must show cause by a memorandum, not to exceed ten pages, filed on or before July 21, 2005, why this action should not be transferred to the appropriate division of the District Court for the District of New York under 28 U.S.C. § 1406(a). A show cause hearing will be scheduled shortly.

## CONCLUSION

Based on the foregoing, it is hereby ordered that each party must show cause why this action should not be transferred to the appropriate division of the District Court for the District of New York pursuant to 28 U.S.C. § 1406(a). Ultra Trading's Motion to Strike Declarations of Jonathan Do (#20) is denied as moot.

IT IS SO ORDERED.

Dated this ___13th___ day of July, 2005.

      /s/ Garr M. King
      Garr M. King
      United States District Judge