IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| ULTRA TRADING INTERNATIONAL LTD., a Florida corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 05-701-HU |
| vs. | ) ) | OPINION AND ORDER |
| HAM LONG COMPANY, | ) ) ) | |
| Defendant. | ) | |

Kerry J. Shepherd
Markowitz, Herbold, Glade &
Mehlhaf, P. C.
Suite 3000 Pacwest Center
1211 S. W. Fifth Avenue
Portland, Oregon 97204

    Attorney for Plaintiff

Orrin Leigh Grover, III
303 North First Street
Woodburn, Oregon 97071

Page 1 - OPINION AND ORDER

Jonathan Do
Doan, Nguyen & Do
300 South First Street, Suite 320
San Jose, California 95113

    Attorneys for Defendant

KING, Judge:

Ultra Trading International Ltd. ("Ultra Trading") brings a breach of contract action against Ham Long Company ("Ham Long") for the alleged breach of twelve contracts for Vietnam cashew kernels. Before me are Ultra Trading's Motion for Stay of Order Pending Appeal and Temporary Restraining Order (#29) and Ham Long's Motion to Quash Service and to Dismiss (#31). For the reasons set forth below, I grant Ultra Trading's motion and deny as moot Ham Long's motion.

## BACKGROUND

I provided the relevant procedural and factual background in the Opinion and Order of July 13, 2005, issued after holding a hearing on July 8. In that Opinion and Order, I found Ultra Trading's assertion of *quasi in rem* jurisdiction lacking because minimum contacts were required, and Ultra Trading conceded in oral argument that Ham Long had no minimum contacts with Oregon. In addition, I rejected Ultra Trading's argument that Shaffer v. Heitner, 433 U.S. 186, 211 n.37 (1977) contemplated an exception from the minimum contacts requirement that could be applicable here. That case declined to "consider [] the question whether the presence of a defendant's property in a State is a sufficient basis for jurisdiction when no other forum is available to the plaintiff." Id. After reviewing the few cases interpreting this language, and believing that Ham Long conceded it could be sued in another state, I determined that Ultra

Trading could not rely on the Shaffer footnote. I found instead that "because Ultra Trading concedes that Ham Long has no minimum contacts with Oregon, because Shaffer requires minimum contacts between the defendant and the state in which the case is brought, and because Ham Long concedes that it is subject to suit in New York, this court has no *quasi in rem* jurisdiction over Ham Long." Opinion and Order at 6.

A temporary restraining order has been in place since May 19, 2005. Effectively, the Opinion and Order dissolved the temporary restraining order.

Plaintiff filed a Notice of Appeal of the Opinion and Order with the United States Court of Appeals for the Ninth Circuit.

Plaintiff now moves for a stay of my Opinion and Order of July 13, 2005 pending appeal pursuant to Federal Rules of Civil Procedure 62(c) and (d), and a temporary restraining order until the determination of its motion. At a hearing on July 22, 2005, I directed the parties not to take any action in this case until I had issued an opinion on plaintiff's motion.

## DISCUSSION

Federal Rule of Civil Procedure 62(c) provides, in relevant part:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

In determining whether an injunction pending appeal is appropriate, the court considers: (1) whether the appellant demonstrates a likelihood of success on the merits of the appeal; (2) whether the appellant will suffer irreparable injury unless the stay is granted; (3) whether a stay

will substantially harm other interested parties; (4) the effects of a stay on the public interest. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Plaintiff claims it can show a likelihood of success on the merits on the basis that Shaffer contains an "exception" to the minimum contacts requirement when there is "no other forum available as it applies specifically to pre-judgment relief that is specific to each state and that cannot be enforced beyond the borders of a state." Motion for Stay of Order Pending Appeal and Temporary Restraining Order, at 2. In addition, plaintiff asserts it has a likelihood of success on the merits because defendant did not oppose its evidentiary declarations in support of its request for provisional relief. Finally, plaintiff contends it can show there is a likelihood of success on the merits due to "errors of fact recited in the Order and contradicted by the hearing transcript." Id.

As noted above, central to my decision that this court did not have jurisdiction was my understanding that Ham Long conceded jurisdiction in New York. My conclusion was based on the following argument of, and colloquy with, Ham Long's counsel at the hearing on July 8:

> MR. DO: Mr. Shepherd argued in his reply brief that at the time he filed this lawsuit here in this state, he had no forum available to sue Ham Long because the nuts were in transit. That doesn't make sense to me, Your Honor. If Ultra signed a contract, agreed to jurisdiction in New York, knowing full well that the nuts were in transit to New York, why did it file this action here?
>
> Transcript of July 8, 2005 Oral Argument ("Transcript") at 35-36.

And later,

> MR. GROVER: . . . We've said they should sue where the contract says they should sue and where they agreed to sue, in the state of New York.
>
> THE COURT: Are you conceding jurisdiction in the state of New York?

> MR. GROVER: Your Honor, I think under the Supreme Court cases, where the parties sign a contract saying there is jurisdiction, that there has to be jurisdiction in the state of New York. . . . There is no reason in the world that this case shouldn't have been filed in New York.

Transcript at 58-59.

Ultra Trading had provided copies of all twelve of the contracts alleged to have been breached, containing a forum selection clause placing jurisdiction in New York. Relying on counsels' statements and these contracts, I made a finding that Ham Long conceded jurisdiction in New York.

Ham Long apparently now disputes that the exhibits provided by Ultra Trading were proper.[1] In any event, it appears Ham Long disputes that jurisdiction is proper in New York.

If I had not been under the impression that Ham Long conceded jurisdiction in New York, I may have utilized <u>Shaffer</u>'s contemplated allowance of jurisdiction despite a deficiency of minimum contacts because "no other forum" in the United States would have been "available to the plaintiff," <u>Shaffer</u>, 433 U.S. at 211 n.37, as that language has been interpreted in the case law. Based on this possibility, and the fact that neither the Ninth Circuit Court of Appeals nor any courts in this Circuit have interpreted the meaning of <u>Shaffer</u>'s footnote, I find that Ultra Trading has established a likelihood of success on the merits. See <u>Stop H-3 Ass'n v. Volpe</u>, 353 F. Supp. 14, 16 (D. Haw. 1972) (an injunction is "frequently issued where the trial court is

---

[1]In its Memorandum in Response to Order to Show Cause for Transfer, at page 3, footnote 1, defendant states, "The Defendant's counsel has been advised that the Defendant denies that the copies of the contract [sic] filed with the Schwartz July 7, 2005 Declaration are not the correct copies of the 2004 contracts. Counsel is arranging to verify this information and obtain a contrary affidavit." Later, at page 4, footnote 2, it states, "See the discussion in footnote 1. The Defendant reserves its objections to the authenticity of the contract [sic] attached to the July 7, 2005 Schwartz declaration."

Page 5 - OPINION AND ORDER

charting a new and unexplored ground and the court determines that a novel interpretation of the law may succumb to appellate review").

As for irreparable harm, without a stay of the order U.S. Bank will transfer the bills of lading from this jurisdiction, rendering Ultra Trading's appeal moot. See Stop H-3 Ass'n, 353 F. Supp. at 16. On the other hand, at bottom, Ultra Trading is seeking a judgment for breach of contract, and the general rule is that injunctive relief is not appropriate when money damages are an adequate remedy at law. Flynt Distributing Co., Inc. v. Harvey, 734 F.2d 1389, 1395-96 (9th Cir. 1984) (injunction improper even though plaintiff claimed threatened transfer of assets would render any money judgment ineffectual).

As for Ham Long, it will continue to be deprived of its property if I stay the Opinion and Order pending appeal. However, the goods are in a bonded warehouse and the injury caused to Ham Long can be addressed by requiring Ultra Trading to post additional security. By requiring Ultra Trading to add an additional $40,000 to the supersedeas bond, any injury to Ham Long will be sufficiently offset. The $10,000 previously deposited by plaintiff with the Clerk of the Court shall be treated as a portion of the supersedeas bond, which shall total $50,000.

In light of the potential hardships to Ultra Trading, but recognizing that it seeks only monetary damages for breach of contract, the court will exercise its discretion under Rule 62(c) to extend the restraining order 30 days beyond the date of entry of this order. The extension is for the sole purpose of giving plaintiff time to seek an order from the Ninth Circuit extending the restraining order pending appeal. If no such order extending, granting or restoring the restraining order is received within the 30-day period, the restraining order will be dissolved.

Ham Long also seeks to dismiss Ultra Trading's complaint for lack of personal jurisdiction. The motion was filed after plaintiff's Notice of Appeal was filed. Federal Rule of Civil Procedure 62(c) "does not restore jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right of appeal and jurisdiction has passed to an appellate court." <u>McClatchy Newspapers v. Central Valley Typographical Union No. 46</u>, 686 F.2d 731, 734 (9th Cir. 1982). Accordingly, I deny the motion as moot.

Finally, because neither party wishes for the case to be transferred to New York, I will strike the show cause hearing scheduled for July 27, 2005, and will not transfer the case to New York.

## CONCLUSION

Ultra Trading's Motion for Stay Pending Appeal (#29) is granted. Ham Long's Motion to Quash Service and to Dismiss (#31) is denied as moot. The Hearing to Show Cause why the case should not be transferred to New York is stricken.

IT IS SO ORDERED.

Dated this    25th    day of July, 2005.

                                                /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge